CT Corporation

**Service of Process Transmittal**
05/21/2010
CT Log Number 516669387

**TO:**   Andrew Bott
Bank of America
CA5-705-08-01, 555 California Street, 8th Floor
San Francisco, CA 94104

**RE:**   **Process Served in Louisiana**

**FOR:**   Bank of America, National Association (Domestic State: N/A)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Frederick Thomas, Pltf. vs. BAC Home Loans Servicing, L.P., Dft. // To: Bank of America, N.A. or BAC Home Loans Servicing, L.P. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | Orleans Civil District Court, Parish of Orleans, LA Case # 10-4340 |
| **NATURE OF ACTION:** | Foreclosure Litigation - Wrongful Foreclosure - Alleging that the Petitioner's legal rights were denied when he was told his application for loan modification was pending though it was not, et al. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/21/2010 at 08:25 |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days |
| **ATTORNEY(S) / SENDER(S):** | Lauren E. Bartlett Southeast Louisiana Legal Services 1010 Common Street, Suite 1400 A New Orleans, LA 70112 504-529-1000 |
| **REMARKS:** | The document is addressed to several entities however CT only represents Bank of America, National Association therefore papers are being taken for Bank of America, National Association. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 799451495898 Image SOP Email Notification, Andrew Bott andrew.m.bott@bankofamerica.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Lisa Uttech |
| **ADDRESS:** | 5615 Corporate Blvd Suite 400B Baton Rouge, LA 70808 |
| **TELEPHONE:** | 225-922-4490 |

**EXHIBIT A**

Page 1 of  2 / LU

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
05/21/2010
CT Log Number 516669387

**TO:** Andrew Bott
Bank of America
CA5-705-08-01, 555 California Street, 8th Floor
San Francisco, CA 94104

**RE:** **Process Served in Louisiana**

**FOR:** Bank of America, National Association (Domestic State: N/A)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter, Proposed Motion, Orders, Amended Petition, Motion, Memorandum, Certificate, Restraining Order, Exhibits | By Certified Mail on 05/05/2010 postmarked on 05/04/2010 | Andrew Bott Bank of America | 516581400 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

ATTORNEY'S NAME: Bartlett, Lauren   31573
AND ADDRESS:    1010 Common St,  Suite 1400a
                New Orleans    LA  70112

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:   2010 -- 04340          1 ·                          SECTION:      8 -- N

THOMAS, FREDERICK VERSUS BAC HOME LOANS SERVICING, L.P.

# C I T A T I O N

TO:  BANK OF AMERICA, N.A OR BAC HOME LOANS SERVICING, L.P.
     THROUGH:
     C/O CT CORPORATION SYSTEM
     5615 CORPORATE BLVD., SUITE 400B
     BATON ROUGE                    LA

*IN FORMA-PAUPERIS*

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
TO ANNUL SHERIFF'S SALE AND FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
*               ADDITIONAL INFORMATION                                                            *
*  Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer *
*  Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association. *
*  If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you *
*  may call 529 - 1000 for more information.                                                       *
*  COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA _____April 30, 2010_____ .

Clerk's Office, Room 402, Civil Courts Building,        DALE N. ATKINS, Clerk of
421 Loyola Avenue                                       The Civil District Court
New Orleans, LA                                         for the Parish of Orleans
                                                        State of LA
                                                        by _____
                                                                 Deputy Clerk

---

## SHERIFF'S RETURN
### (for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| TO ANNUL SHERIFF'S SALE AND FOR DAMAGES | TO ANNUL SHERIFF'S SALE AND FOR DAMAGES |
| On | On |
| BANK OF AMERICA, N.A OR BAC HOME LOANS SERVICING, L.P. | BANK OF AMERICA, N.A OR BAC HOME LOANS SERVICING, L.P. |
| THROUGH: | THROUGH: |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating  HIM / HER the said _____ |
| Returned  same  day            , | BANK OF AMERICA, N.A OR BAC HOME LOANS SERVICING, L.P. |
| No. | |
| Deputy Sheriff of _____ | being absent from the domicile at time of said service. |
| Mileage: $_____ | Returned same day |
| | No. |
| _____/ ENTERED /_____ | Deputy Sheriff of _____ |
| PAPER                    RETURN | |
| _____/_____/_____ | |
| SERIAL NO.   DEPUTY   PARISH | |

FILED
2010 APR 29 A 11:13
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No. 10-4340

Division: N
Section: 8

FREDERICK THOMAS

VERSUS

BAC HOME LOANS SERVICING, L.P.

FILED _____          _____

DEPUTY CLERK

PETITION TO ANNUL SHERIFF'S SALE AND FOR DAMAGES

Frederick Thomas, who is domiciled in Orleans Parish, with respect, represents:

I.

On April 22, 2010 the Orleans Parish Civil Sheriff sold the property at issue to BAC Home Loans Servicing, L.P. ("BAC") pursuant to an ex parte order signed by this court on September 8, 2009.

II.

The property at issue is:

> A CERTAIN LOT OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Jefferson, State of Louisiana, in that portion thereof known as KENNER PROJECT, designated as Lot 3B, in Square 510, bounded by Panama, 30th and Phoenix and 31st Streets, and measures thence 57 feet front on Panama Street in the direction of 30th Street, the same width in the rear by a depth on both sides lines of 115 feet; all in accordance with a survey made by Charles T. Nelson, Land Surveyor, dated August 2, 1965.
>
> The buildings and improvements thereon bear the Municipal Nos. 3033-3035 Panama Street.

III.

Said sale is null and void and should now be formally annulled for substantive defects, and because it was obtained by fraud and ill practices, for the following reasons:

IV.

Because plaintiff BAC Home Loans Servicing, L.P. bought the home at the foreclosure sale and owns the home at the time of the filing of this petition, the action for nullity is not precluded by LSA-R.S. 13:4112.

- 1 -

V.

Based on the circumstances set out below, Petitioner had valid defenses to the foreclosure action which he could have asserted in a preliminary injunction, including the equitable estoppel, the abuse of rights doctrine and breach of the implied contractual covenant of good faith.

VI.

However, Petitioner was denied the chance to assert his valid defenses to foreclosure, based on BAC's actions described in full below.

VII.

Defendant Emanuel Thomas is 52 years old and is mentally incapacitated.  He has difficulty reading and writing.

VIII.

Defendant Frederick Thomas is 54 years old and he cares for his brother, Emanuel, full time.

IX.

This petition for nullity is filed on behalf of Frederick Thomas.

X.

The Plaintiff, BAC Home Loans Servicing, L.P. is a subsidiary of Bank of America, N.A.

XI.

Bank of America is the nation's largest lender and has recently made headlines for stating its intentions to provide loan modifications and principal reductions for distressed borrowers.

XII.

BAC is the purported servicer of the loan at issue.

XIII.

Clarence Thomas, the defendants' father, and Defendant Emanuel Thomas, entered into a loan transaction with America's Wholesale Lender on May 13, 2005 for $100,000 at 6.125% interest.

XIV.

In exchange, Clarence and Emanuel gave America's Wholesale Lender a mortgage on the property at 821-823 N. Dupre St., New Orleans, Louisiana, 70119, which was recorded as MIN 818384 in the Mortgage Records of the Parish of Orleans, State of Louisiana.

XV.

Sometime after the mortgage was signed, America's Wholesale Lender endorsed the note in blank. The Federal National Mortgage Association, commonly known as Fannie Mae, currently owns the loan at issue.

XVI.

Original borrower Clarence Thomas passed away on July 9, 2008 and his succession was opened in this court under Docket No. 2008-11178. By Judgment of Possession signed October 27, 2008, Defendants Emanuel and Frederick Thomas, sons of Clarence Thomas, were put into full possession of the property.

XVII.

After their father passed away, the brothers continued living at 823 N. Dupre St. and rent out 821 N. Dupre St.

XVIII.

After their father passed away, Defendants Emanuel and Frederick made a $30,000 payment on the mortgage to catch up on back payments that had been missed while their father was ill and then passed. They used insurance proceeds to do so.

XIX.

About the same time, their monthly mortgage payments went from approximately $700 per month, including taxes and insurance, to over $1400 per month for unknown reasons. The brothers fell behind on their mortgage payments at that time.

XX.

Defendants Frederick and Emanuel Thomas could not afford the $700 increase in their mortgage payments.

XXI.

In early 2009, with help from various HUD-certified nonprofit housing counselors in New Orleans, Frederick Thomas contacted Bank of America regarding a possible loan modification to lower the monthly payments. Frederick submitted all the paperwork Bank of America requested, including proof of income, hardship affidavits, proof of occupancy and expense worksheets.

XXII.

Bank of America should have reviewed the Defendants loan account under the Making

Home Affordable Program, also known as "HAMP", for Home Affordable Modification Program, as it was required to do under its obligations to the U.S. Department of Treasury.

XXIII.

Pursuant to the Emergency Economic Stabilization Act of 2008 ("Financial Stability Plan"), Bank of America received $25 billion from the U.S. Government in purchases of troubled assets in October 2008.

XXIV.

The U.S. Department of Treasury ordered that all recipients of capital investments under the Financial Stability Plan are required to participate in mortgage foreclosure mitigation programs consistent with guidelines the Treasury released as part of its Making Home Affordable Program.

XXV.

BAC is required to participate in HAMP and is subject to the U.S. Department of Treasury's servicing guidelines.

XXVI.

The Making Home Affordable Program was designed to address the national foreclosure crisis and is supposed to help homeowners avoid foreclosure.

XXVII.

The Making Home Affordable Program directs the Department of Treasury to compensate mortgage servicers for modifying loans where the borrower is or has undergone a hardship making it difficult for them to pay their mortgage. The hardship can include unemployment, death of a borrower, illness etc. The modification aims to bring the monthly mortgage payment down to 31% of the borrower's monthly household income for 5 years by reducing the interest rate down to 2% or lengthening the life of the loan.

XXVI.

Special HAMP Servicing Guidelines exist and must be followed by servicers for loans owned by Fannie Mae or Freddie Mac.

XXVIII.

Petitioner's loan is in this case is owned by Fannie Mae.

XXIX.

The Fannie Mae HAMP Servicing Guidelines specifically require that "[t]o ensure that a

- 4 -

borrower currently in foreclosure or at risk of foreclosure has the opportunity to apply for a HAMP modification, servicers should not proceed with a foreclosure sale until the borrower has been evaluated for the program."[1]

XXX.

Moreover, "[f]oreclosure actions (with the exception of those in Georgia, Hawaii, Missouri and Virginia), including initiation of new foreclosure actions, must be postponed for all borrowers that meet the minimum HAMP eligibility criteria."[2]

XXXI.

The Guidelines also require that if a servicer determines that a borrower is ineligible for HAMP, "the servicer must communicate that determination to the borrower in writing and consider the borrower for another foreclosure prevention alternative."[3]

XXXII.

Without regard to Petitioner's then pending application for a loan modification, on September 8, 2009, BAC Home Loans Servicing, L.P. ("BAC") filed a Petition for Executory Process in this court under Docket No. 2009-9485.

XXXIII.

In its Petition for Executory Process, BAC asserted a claim against Emanuel Thomas and Frederick Thomas for $95,579.94 with interest, attorney's fees, costs and other charges.

XXXIV.

The Writ of Seizure and Sale for 821-832 N. Dupre St., New Orleans, Louisiana, 70119, was issued on September 17, 2009.

XXXV.

A Sheriff's sale was first set for November 19, 2009, then postponed to January 21, 2010, then to March 4, 2010, then to April 22, 2010.  Bank of America stated each time that the sales were postponed because Petitioner's loan modification application was still under review.

XXXVI.

The attorneys for BAC notified the Sheriff's office only days before postponing the sale each

---

[1] HAMP FAQS, Q1106, *available at:* https://www.efanniemae.com/sf/guides/ssg/relatedservicinginfo/pdf/hampfaqs.pdf , p.3
[2] HAMP FAQS, Q1101, *available at:* https://www.efanniemae.com/sf/guides/ssg/relatedservicinginfo/pdf/hampfaqs.pdf, p.2.
[3] Fannie Mae HAMP Servicing Guide Announcement 0931, *available at:* https://www.efanniemae.com/sf/guides/ssg/annltrs/pdf/2009/0931.pdf, p.3.

time, which caused the defendants much stress and anguish for multiple days.

XXXVII.

Between September and April 22, 2010, Petitioner called Bank of America almost weekly

and at least twice per month to check on the status of his loan modification.

XXXVIII.

On April 12, 2010, only ten days before the Sheriff's sale set for April 22, 2010, Petitioner

called Bank of America and was told his application for a loan modification was still pending. He

was also told they would likely postpone the sale again, as they had done before.

XXXIX.

As of Tuesday April 20th, Petitioner had received nothing in the mail or phone calls from

Bank of America and he was getting worried because the sale set for April 22, 2010 had not been

stopped.

XL.

On April 20, 2010, Petitioner called Bank of America again. This time he called with his

attorney, the undersigned counsel. The Loss Mitigation representative from Bank of America then

told him that his loan modification application had been denied by the "negotiator" on April 8,

2010.

XLI.

The representative would not give him a reason as to why his application was denied and

stated the "negotiator" was not available to speak to at that time. The representative also stated that

his account had not been reviewed for the HAMP program, only for an internal Bank of America

alternate loan modification program.

XLII.

Petitioner requested that they review his application again, or allow him to apply for HAMP,

because his loan was owned by Fannie Mae and he believed he was eligible under HAMP. The

representative told Petitioner to call back on April 21, 2010 to reapply because the previous loan

modification application had to be closed out before he could reapply.

XLIII.

Petitioner called Bank of America back on April 21, 2010, and asked to reapply for a loan

modification, this time for HAMP.

- 6 -

### XLIV.

The representative took his financial information, income and expenses, and told him that

he pre-qualified for HAMP and that she would send a message to their attorneys to stop the

Sheriff's sale set for the next day.

### XLV.

Petitioner checked with the Sheriff's office in Orleans Parish and was told the sale had still

not been stopped.

### XLVI.

Petitioner called Bank of America back again a few hours later, still on April 21, 2010. He

spoke to another representative. This time he was told his sale would not be stopped. He was told

his account was already reviewed for HAMP and was denied February 26, 2010.

### XLVII.

When Petitioner asked why his HAMP application was denied, the representative stated she

did not know why. He told her he thought they were mistaken and that he actually qualified for a

HAMP loan. However, the representative then stated that Bank of America could not stop the sale

at that late point in time because they could not get late approval from their investor, Fannie Mae, to

stop the sale.

### XLVIII.

After that the representative refused to talk any more about the matter or transfer Petitioner

to a supervisor. In the end, the representative hung up on Petitioner.

### XLIX.

The property at 821-823 N. Dupre St. was sold to the plaintiff, BAC, for $58,334 on April

22, 2010.

### L.

Here, Petitioner's legal rights were deprived. He was told his application for a loan

modification was pending on April 12, though apparently it was not. He was also told that the sale

would probably be delayed again. He never received a written determination as to his HAMP

eligibility, and any reasons for denial. When he was told orally that he was denied a non-HAMP

modification, he was told he would not be considered for HAMP without reapplying, and that he

could not immediately reapply, but could the next day. The next day he was allowed to reapply but

then was told it was too late to stop the Sheriff's sale.

LI.

Under these circumstances it would be unconscionable and inequitable to allow BAC to hold title to Petitioner's home.

## FIRST CAUSE OF ACTION: NULLITY

LII.

Based on the above facts, the sale at issue was obtained by fraud and ill practices and had substantive defects.

LIII.

The judicial sale of the property at issue should be declared null and void and all incidents removed.

## SECOND CAUSE OF ACTION: WRONGFUL FORECLOSURE

LIV.

Based on the above facts, the sale at issue was obtained through wrongful foreclosure.

LV.

Petitioner is due actual damages, including for mental anguish and distress.

## THIRD CAUSE OF ACTION: EQUITABLE ESTOPPEL

LVI.

BAC was equitably estopped from selling Petitioner's home under the circumstances described above.

LVII.

Petitioner is due restitution of costs and fees paid by or to anyone else as a result of the sale, and actual damages, including for mental anguish and distress.

## FOURTH CAUSE OF ACTION: ABUSE OF RIGHTS DOCTRINE

LVIII.

Based on the above facts, BAC's right to foreclosure was unenforceable under the abuse of rights doctrine.

LIX.

Petitioner is due restitution of costs and fees paid by or to anyone else as a result of the sale, and actual damages, including for mental anguish and distress.

## FIFTH CAUSE OF ACTION: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH

### LX.

Based on the above facts, BAC violated the contractual covenant of good faith when it had Petitioner's home sold at the Sheriff's sale.

### LXI.

Petitioner is due actual damages, including for mental anguish and distress.

## SIXTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### LXII.

Based on the above facts, BAC negligently inflicted emotional distress on the Petitioner by selling his home at the Sheriff's sale on April 22, 2010.

### LXIII.

Petitioner is due actual damages, including for mental anguish and distress.

## SEVENTH CAUSE OF ACTION: FAILURE TO MITIGATE DAMAGES

### LXIV.

Based on the above facts, BAC violated its duty to mitigate damages when it sold Petitioner's home at the Sheriff's sale.

### LXV.

Petitioner is due actual damages, including for mental anguish and distress.

WHEREFORE, petitioner prays:

1. That the Court permit Petitioner to proceed in this action *in forma pauperis*;

2. That the judicial sale of the property by executory process be declared a nullity;

3. That the Civil Sheriff of Orleans Parish and recorder of mortgages be directed to cancel all records of the April 22, 2010 sale;

4. That the Civil Sheriff of Orleans Parish restore the possession of the above-described property to Petitioner;

5. That the Court award restitution and damages; and

6. That the Court award such other general and equitable relief as the Court deems just and proper, and all costs of these proceedings.

Respectfully submitted,

Southeast Louisiana Legal Services

By: _____

Lauren E. Bartlett, LSBA Bar. No. 31573

A TRUE COPY

_____
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

- 9 -

David H. Williams, LSBA Bar No. 17867
1010 Common Street, Suite 1400A
New Orleans, Louisiana 70112
Telephone: (504) 529-1000, ext. 271
Fax: (504) 529-1009

Attorneys for Petitioner Frederick Thomas.

VERIFICATION
STATE OF LOUISIANA
ORLEANS PARISH

BEFORE ME, the undersigned authority, Notary Public, duly commissioned and
qualified in the state and parish, came, FREDERICK THOMAS, who upon being duly sworn did
depose and say that he is the petitioner in the within action; and that the facts and circumstances
alleged in the attached Petition to Annul Sheriff's Sale are true and correct to the best of his
knowledge, information and belief.

FREDERICK THOMAS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 29th day of April, 2010.

NOTARY PUBLIC
Louisiana Bar Roll No. 31733

My commission expires at death.

**PLEASE SERVE** *with citation.*

BAC Home Loans Servicing, L.P.
or Bank of America, N.A
c/o CT Corporation System
5615 Corporate Blvd, Ste 400B
Baton Rouge LA 70808

CERTIFICATE OF SERVICE
A copy of the foregoing was sent by facsimile and certified mail, postage prepaid on the 29th
of April, 2010 to Anne Raymond, 1010 Common Street, Suite 1800, New Orleans, Louisiana, 70112.

LAUREN E. BARTLETT

 CT Corporation

**Service of Process Transmittal**
05/05/2010
CT Log Number 516581400

**TO:**   Andrew Bott
Bank of America
CA5-705-08-01, 555 California Street, 8th Floor
San Francisco, CA 94104

**RE:**   **Process Served in Louisiana**

**FOR:**   Bank of America, National Association (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Frederick Thomas, Pltf. vs. BAC Home Loans Servicing, L.P. // To: Bank of America, National Association<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Proposed Motion, Orders, Amended Petition, Motion, Memorandum, Certificate, Restraining Order, Exhibits |
| **COURT/AGENCY:** | Orleans Civil District Court, Parish of Orleans, LA<br>Case # 10-4340 |
| **NATURE OF ACTION:** | Temporary restraining order against BAC Home Loans Servicing, L.P. temporarily restraining, enjoined, and prohibited from removing Petitioner, any other occupants, or any belongings, or otherwise interfering with Petitioner's peaceful possession of the property at 821-823 N. Dupre Street, New Orleans, Louisiana, 70119. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/05/2010 postmarked on 05/04/2010 |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Lauren E. Bartlett<br>Southeast Louisiana Legal Services<br>1010 Common Street, Suite 1400 A<br>New Orleans, LA 70112<br>504-529-1000 |
| **REMARKS:** | The document is addressed to several entities however CT only represents Bank of America, National Association therefore papers are being taken for Bank of America, National Association. |
| **ACTION ITEMS:** | Telephone, Andrew Bott , 415-913-4226<br>SOP Papers with Transmittal, via  Fed Ex 2 Day , 790703910652<br>Image SOP<br>Email Notification, Andrew Bott andrew.m.bott@bankofamerica.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Lisa Uttech<br>5615 Corporate Blvd<br>Suite 400B<br>Baton Rouge, LA 70808<br>225-922-4490 |

Page 1 of  1 / RT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SOUTHEAST LOUISIANA LEGAL SERVICES

1010 Common St., Suite 1400A
New Orleans, Louisiana 70112
Phone: (504) 529-1000 Fax: (504) 529-1009
Web Address: www.slls.org

| | | |
|---|---|---|
| **Lauren E. Bartlett** | **Direct Line:** | **(504) 529-1000 Ext. 271** |
| **Staff Attorney** | **Email:** | **lbartlett@slls.org** |

VIA CERTIFIED MAIL

May 4, 2010

BAC Home Loans Servicing, L.P. or Bank of America, N.A.
c/o CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

Re:  Loan No.            100045629
     Borrower:          **Emanuel and Frederick Thomas (Estate of Clarence Thomas)**
     Property address:  **821-823 N. Dupre St.**
                        **New Orleans, LA 70119**
     *Frederick Thomas v. BAC Home Loans Servicing, L.P.*, CDC Case No. 2010-4340

To Whom It May Concern:

    As you know, this office represents Mr. Frederick Thomas in regards to the above-captioned case. Enclosed please find the Motion & Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction with accompanying Notice, Affidavit, Exhibit and proposed orders that we will file today.  Also enclosed is an Ex Parte Motion and Order Transferring Case and Amended Petition to Annul Sheriff's Sale and for Damages that we will file today.

    Please call me with questions at (504) 529-1000 Ext. 271.

                        Sincerely,

                        *Bartlett*

                        Lauren E. Bartlett
                        Staff Attorney, Foreclosure Prevention Unit

 

A Partner

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No. 10-4340

Division:  N
Section: 8

FREDERICK THOMAS

VERSUS

BAC HOME LOANS SERVICING, L.P.

FILED _____          _____

DEPUTY CLERK

### EX PARTE MOTION AND ORDER TRANSFERRING CASE

NOW INTO COURT, through undersigned counsel, comes Plaintiff in the above numbered and

entitled action, who suggests to the Court that:

I.

Plaintiff Frederick Thomas filed a Petition to Annul Sheriff's Sale and for Damages on April

29, 2010 in the above numbered and entitled action.

II.

On September 9, 2009, Defendant BAC Home Loans Servicing, L.P. had filed a Suit on

Note with Foreclosure of Mortgage by Executory Process with this Court, in the matter entitled

"BAC Home Loans Servicing, L.P. versus Thomas, Emanuel et al ", Docket No. 2009-9485,

Division D, Section 16, naming Frederick Thomas as a defendant..

III.

Mover suggests that this suit, Docket No. 2010-4340 seeks to nullify the actions in the earlier

suit, Docket No. 2009-9485.  As a result, the two actions involve a common issue of fact and law

and, therefore, the higher numbered suit Docket No. 2010-4340 should be transferred to Division

D, Section 16.

Respectfully submitted,

SOUTHEAST LOUISIANA LEGAL
SERVICES

By: _L Bartlett_____

Lauren E. Bartlett, LSBA Bar. No. 31573
David H. Williams, LSBA Bar No. 17867

- 1 -

1010 Common Street, Suite 1400A
New Orleans, Louisiana 70112
Telephone: (504) 529-1000, ext. 271
Fax: (504) 529-1009

Attorneys for Petitioner Frederick Thomas.

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by facsimile and certified mail, postage prepaid on the 4th of April, 2010 to Anne Raymond, 1010 Common Street, Suite 1800, New Orleans, Louisiana, 70112 and to BAC Home Loans Servicing, L.P. or Bank of America, N.A., c/o CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, 70808.

LAUREN E. BARTLETT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No. 10-4340

Division: N
Section: 8

FREDERICK THOMAS

VERSUS

BAC HOME LOANS SERVICING, L.P.

FILED _____          _____

                                        DEPUTY CLERK

**ORDER**

Considering the foregoing motion:

IT IS ORDERED that the matter entitled "Frederick Thomas versus BAC Home Loans

Servicing, L.P", Docket No. 2010-4340, on the docket of the Civil District Court of the Parish of

Orleans, State of Louisiana be and is hereby transferred to Division D, Section 16.

New Orleans, Louisiana, this the____day of May, 2010.

                    _____

                    J U D G E LLOYD J. MEDLEY
                    Docket No. 2009-9485

1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No. 2010-4340

Division: N
Section: 8

FREDERICK THOMAS

VERSUS

BAC HOME LOANS SERVICING, L.P.

FILED _____       _____

                                                                        DEPUTY CLERK

<u>AMENDED PETITION TO ANNUL SHERIFF'S SALE AND FOR DAMAGES</u>

NOW COMES PETITIONER, Frederick Thomas, through undersigned counsel, proceeding

*in forma pauperis* and domiciled in the Parish of Orleans, State of Louisiana. No answer having been

filed, for his amended petition Frederick Thomas respectfully alleges that:

I.

On April 22, 2010 the Orleans Parish Civil Sheriff sold the property at issue to BAC Home

Loans Servicing, L.P. ("BAC") pursuant to an ex parte order signed by this court on September 8,

2009.

II.

The property at issue is:

> THAT CERTAIN PIECE OR PORTION OF GROUND, together with all
> the buildings and improvements thereon, and all the rights, ways, privileges,
> servitudes, advantages and appurtenances thereunto belonging or in anywise
> appertaining, situated in the Second District of the City of New Orleans.
> According to survey by R.L. Schumann, Land Surveyor, dated August 4, 1976,
> said piece or portion of ground is more particularly described as follows: Lot
> 4, Square 389, which said square is bounded by N. Dupre Street, Dumaine
> Street, N. Gayoso Street (side) and St. Ann Street (side). Said Lot commences
> at a distance of 133 feet 4 inches 6 lines from the corner of Dumaine Street and
> N. Dupre Street, and measures thence 31 feet 11 inches 5 lines front on N.
> Dupre Street, a width in the rear of 32 feet one inch 3 lines, by a depth
> between equal parallel lines of 125 feet 11 inches no lines.

> The buildings and improvements thereon bear the Municipal Nos. 821-823 N.
> Dupre St.

III.

Said sale is null and void and should now be formally annulled for substantive defects, and

because it was obtained by fraud and ill practices, for the following reasons:

IV.

Because plaintiff BAC Home Loans Servicing, L.P. bought the home at the foreclosure sale and owns the home at the time of the filing of this petition, the action for nullity is not precluded by LSA-R.S. 13:4112.

V.

Based on the circumstances set out below, Petitioner had valid defenses to the foreclosure action which he could have asserted in a preliminary injunction, including equitable estoppel, abuse of rights, and breach of the implied contractual covenant of good faith.

VI.

However, Petitioner was denied the chance to assert his valid defenses to foreclosure, based on BAC's actions described in full below.

VII.

Petitioner Frederick Thomas is 54 years old and he cares for his brother, Emanuel Thomas, full time.

VIII.

Emanuel Thomas is 52 years old and is mentally incapacitated. He has difficulty reading and writing.

IX.

This petition for nullity is filed on behalf of Frederick Thomas.

X.

The Plaintiff, BAC Home Loans Servicing, L.P. is a subsidiary of Bank of America, N.A.

XI.

Bank of America is the nation's largest lender and has recently made headlines for stating its intentions to provide loan modifications and principal reductions for distressed borrowers.

XII.

BAC has been servicing the loan at issue.

XIII.

Clarence Thomas, the Petitioner's father, and Emanuel Thomas, Petitioner's brother, entered into a loan transaction with America's Wholesale Lender on May 13, 2005 for $100,000 at 6.125% interest.

XIV.

In exchange, Clarence and Emanuel gave America's Wholesale Lender a mortgage on the property at 821-823 N. Dupre St., New Orleans, Louisiana, 70119, which was recorded as MIN 818384 in the Mortgage Records of the Parish of Orleans, State of Louisiana.

XV.

Sometime after the mortgage was signed, America's Wholesale Lender endorsed the note in blank. The Federal National Mortgage Association, commonly known as Fannie Mae, currently owns the loan at issue.

XVI.

Original borrower Clarence Thomas passed away on July 9, 2008 and his succession was opened in this court under Docket No. 2008-11178. By Judgment of Possession signed October 27, 2008, Emanuel and Frederick Thomas, sons of Clarence Thomas, were put into full possession of the property.

XVII.

After their father passed away, the brothers continued living at 823 N. Dupre St. and rent out 821 N. Dupre St.

XVIII.

After their father passed away, Emanuel and Frederick made a $30,000 payment on the mortgage to catch up on back payments that had been missed while their father was ill and then passed. They used insurance proceeds to do so.

XIX.

About the same time, their monthly mortgage payments went from approximately $700 per month, including taxes and insurance, to over $1400 per month for unknown reasons. The brothers fell behind on their mortgage payments at that time.

XX.

Frederick and Emanuel Thomas could not afford the $700 increase in their mortgage payments.

XXI.

In early 2009, with help from various HUD-certified nonprofit housing counselors in New Orleans, Frederick Thomas contacted Bank of America regarding a possible loan modification to

lower the monthly payments.  Frederick submitted all the paperwork Bank of America requested,

including proof of income, hardship affidavits, proof of occupancy and expense worksheets.

## XXII.

Bank of America should have reviewed the loan account described above under the Making

Home Affordable Program, also known as "HAMP", for Home Affordable Modification Program,

as it was required to do under its obligations to the U.S. Department of Treasury.

## XXIII.

Pursuant to the Emergency Economic Stabilization Act of 2008 ("Financial Stability Plan"),

Bank of America received $25 billion from the U.S. Government in purchases of troubled assets in

October 2008.

## XXIV.

The U.S. Department of Treasury ordered that all recipients of capital investments under the

Financial Stability Plan are required to participate in mortgage foreclosure mitigation programs

consistent with guidelines the Treasury released as part of its Making Home Affordable Program.

## XXV.

BAC is required to participate in HAMP and is subject to the U.S. Department of Treasury's

servicing guidelines.

## XXVI.

The Making Home Affordable Program was designed to address the national foreclosure

crisis and is supposed to help homeowners avoid foreclosure.

## XXVII.

The Making Home Affordable Program directs the Department of Treasury to compensate

mortgage servicers for modifying loans where the borrower is or has undergone a hardship making it

difficult for them to pay their mortgage.  The hardship can include unemployment, death of a

borrower, illness etc.  The modification aims to bring the monthly mortgage payment down to 31%

of the borrower's monthly household income for 5 years by reducing the interest rate down to 2%

or lengthening the life of the loan.

## XXVI.

Special HAMP Servicing Guidelines exist and must be followed by servicers for loans owned

by Fannie Mae or Freddie Mac.

XXVIII.

Petitioner's loan is in this case is owned by Fannie Mae.

XXIX.

The Fannie Mae HAMP Servicing Guidelines specifically require that "[t]o ensure that a borrower currently in foreclosure or at risk of foreclosure has the opportunity to apply for a HAMP modification, servicers should not proceed with a foreclosure sale until the borrower has been evaluated for the program."[1]

XXX.

Moreover, "[f]oreclosure actions (with the exception of those in Georgia, Hawaii, Missouri and Virginia), including initiation of new foreclosure actions, must be postponed for all borrowers that meet the minimum HAMP eligibility criteria."[2]

XXXI.

The Guidelines also require that if a servicer determines that a borrower is ineligible for HAMP, "the servicer must communicate that determination to the borrower in writing and consider the borrower for another foreclosure prevention alternative."[3]

XXXII.

Without regard to Petitioner's then pending application for a loan modification, on September 8, 2009, BAC Home Loans Servicing, L.P. ("BAC") filed a Petition for Executory Process in this court under Docket No. 2009-9485.

XXXIII.

In its Petition for Executory Process, BAC asserted a claim against Emanuel Thomas and Frederick Thomas for $95,579.94 with interest, attorney's fees, costs and other charges.

XXXIV.

The Writ of Seizure and Sale for 821-832 N. Dupre St., New Orleans, Louisiana, 70119, was issued on September 17, 2009.

XXXV.

A Sheriff's sale was first set for November 19, 2009, then postponed to January 21, 2010,

---

[1] HAMP FAQS, Q1106, *available at* https://www.efanniemae.com/sf/guides/ssg/relatedservicinginfo/pdf/hampfaqs.pdf , p.3
[2] HAMP FAQS, Q1101, *available at* https://www.efanniemae.com/sf/guides/ssg/relatedservicinginfo/pdf/hampfaqs.pdf, p.2.
[3] Fannie Mae HAMP Servicing Guide Announcement 0931, *available at* https://www.efanniemae.com/sf/guides/ssg/annltrs/pdf/2009/0931.pdf, p.3.

- 5 -

then to March 4, 2010, then to April 22, 2010. Bank of America stated each time that the sales were

postponed because Petitioner's loan modification application was still under review.

### XXXVI.

The attorneys for BAC notified the Sheriff's office only days before postponing the sale each

time, which caused Petitioner much stress and anguish for multiple days.

### XXXVII.

Between September and April 22, 2010, Petitioner called Bank of America almost weekly

and at least twice per month to check on the status of his loan modification.

### XXXVIII.

On April 12, 2010, only ten days before the Sheriff's sale set for April 22, 2010, Petitioner

called Bank of America and was told his application for a loan modification was still pending. He

was also told they would likely postpone the sale again, as they had done before.

### XXXIX.

As of Tuesday April 20th, Petitioner had received nothing in the mail or phone calls from

Bank of America and he was getting worried because the sale set for April 22, 2010 had not been

stopped.

### XL.

On April 20, 2010, Petitioner called Bank of America again. This time he called with his

attorney, the undersigned counsel. The Loss Mitigation representative from Bank of America then

told him that his loan modification application had been denied by the "negotiator" on April 8,

2010.

### XLI.

The representative would not give him a reason as to why his application was denied and

stated the "negotiator" was not available to speak to at that time. The representative also stated that

his account had not been reviewed for the HAMP program, only for an internal Bank of America

alternate loan modification program.

### XLII.

Petitioner requested that they review his application again, or allow him to apply for HAMP,

because his loan was owned by Fannie Mae and he believed he was eligible under HAMP. The

representative told Petitioner to call back on April 21, 2010 to reapply because the previous loan

modification application had to be closed out before he could reapply.

XLIII.

Petitioner called Bank of America back on April 21, 2010, and asked to reapply for a loan modification under HAMP.

XLIV.

The representative took his financial information, income and expenses, and told him that he pre-qualified for HAMP and that she would send a message to their attorneys to stop the Sheriff's sale set for the next day.

XLV.

Petitioner checked with the Sheriff's office in Orleans Parish and was told the sale had still not been stopped.

XLVI.

Petitioner called Bank of America back again a few hours later, still on April 21, 2010. He spoke to another representative. This time he was told his sale would not be stopped. He was told his account was already reviewed for HAMP and was denied February 26, 2010.

XLVII.

When Petitioner asked why his HAMP application was denied, the representative stated she did not know why. He told her he thought they were mistaken and that he actually qualified for a HAMP loan. However, the representative then stated that Bank of America could not stop the sale at that late point in time because they could not get late approval from their investor, Fannie Mae, to stop the sale.

XLVIII.

Petitioner never received any notice, written or otherwise, that his HAMP eligibility had been denied.

XLIX.

After that the representative refused to talk any more about the matter or transfer Petitioner to a supervisor. In the end, the representative hung up on Petitioner.

L.

The property at 821-823 N. Dupre St. was sold to the plaintiff, BAC, for $58,334 on April 22, 2010.

LI.

Here, Petitioner's legal rights were deprived. He was told his application for a loan modification was pending on April 12, though apparently it was not. He was also told that the sale would probably be delayed again. He never received a written determination as to his HAMP eligibility, and any reasons for denial. When he was told orally that he was denied a non-HAMP modification, he was told he would not be considered for HAMP without reapplying, and that he could not immediately reapply, but could the next day. The next day he was allowed to reapply but then was told it was too late to stop the Sheriff's sale.

LII.

Under these circumstances it would be unconscionable and inequitable to allow BAC to hold title to Petitioner's home.

## FIRST CAUSE OF ACTION: NULLITY

LIII.

Based on the above facts, the sale at issue was obtained by fraud and ill practices and had substantive defects.

LIV.

The judicial sale of the property at issue should be declared null and void and all incidents removed.

## SECOND CAUSE OF ACTION: WRONGFUL FORECLOSURE

LV.

Based on the above facts, the sale at issue was obtained through wrongful foreclosure.

LVI.

Petitioner is due actual damages, including for mental anguish and distress.

## THIRD CAUSE OF ACTION: EQUITABLE ESTOPPEL

LVII.

BAC was equitably estopped from selling Petitioner's home under the circumstances described above.

LVIII.

Petitioner is due restitution of costs and fees paid by or to anyone else as a result of the sale, and actual damages, including for mental anguish and distress.

## FOURTH CAUSE OF ACTION: ABUSE OF RIGHTS DOCTRINE

### LIX.

Based on the above facts, BAC's right to foreclosure was unenforceable under the abuse of

rights doctrine.

### LX.

Petitioner is due restitution of costs and fees paid by or to anyone else as a result of the sale,

and actual damages, including for mental anguish and distress.

## FIFTH CAUSE OF ACTION: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH

### LXI.

Based on the above facts, BAC violated the contractual covenant of good faith when it had

Petitioner's home sold at the Sheriff's sale.

### LXII.

Petitioner is due actual damages, including for mental anguish and distress.

## SIXTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### LXIII.

Based on the above facts, BAC negligently inflicted emotional distress on the Petitioner by

selling his home at the Sheriff's sale on April 22, 2010.

### LXIV.

Petitioner is due actual damages, including for mental anguish and distress.

## SEVENTH CAUSE OF ACTION: FAILURE TO MITIGATE DAMAGES

### LXV.

Based on the above facts, BAC violated its duty to mitigate damages when it sold Petitioner's

home at the Sheriff's sale.

### LXVI.

Petitioner is due actual damages, including for mental anguish and distress.

WHEREFORE, petitioner prays:

1.   That the Court permit Petitioner to proceed in this action *in forma pauperis*;

2.   That the judicial sale of the property by executory process be declared a nullity;

3.   That the Civil Sheriff of Orleans Parish and recorder of mortgages be directed to cancel all

     records of the April 22, 2010 sale;

- 9 -

4.   That the Civil Sheriff of Orleans Parish restore the possession of the above-described

property to Petitioner;

5.   That the Court award restitution and damages; and

6.   That the Court award such other general and equitable relief as the Court deems just and

proper, and all costs of these proceedings.

Respectfully submitted,

Southeast Louisiana Legal Services

By: _Bartlett_____
Lauren E. Bartlett, LSBA Bar. No. 31573
David H. Williams, LSBA Bar No. 17867
1010 Common Street, Suite 1400A
New Orleans, Louisiana  70112
Telephone: (504) 529-1000, ext. 271
Fax: (504) 529-1009

Attorneys for Petitioner Frederick Thomas.

VERIFICATION
STATE OF LOUISIANA
ORLEANS PARISH

BEFORE ME, the undersigned authority, Notary Public, duly commissioned and
qualified in the state and parish, came, FREDERICK THOMAS, who upon being duly sworn did
depose and say that he is the petitioner in the within action; and that the facts and circumstances
alleged in the attached Petition to Annul Sheriff's Sale are true and correct to the best of his
knowledge, information and belief.

_Frederick Thomas_____
FREDERICK THOMAS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 4th day of May, 2010.

_Amanda Just_____
NOTARY PUBLIC
Louisiana Bar Roll No. _31733_____
My commission expires at death.

CERTIFICATE OF SERVICE

A copy of the foregoing was sent by facsimile and certified mail, postage prepaid on the 4th
of April, 2010 to Anne Raymond, 1010 Common Street, Suite 1800, New Orleans, Louisiana, 70112
and to BAC Home Loans Servicing, L.P. or Bank of America, N.A., c/o CT Corporation System,
5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, 70808.

_Bartlett_____
LAUREN E. BARTLETT

- 10 -

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No. 10-4340

Division: N
Section: 8

FREDERICK THOMAS

VERSUS

BAC HOME LOANS SERVICING, L.P.

FILED _____      _____

DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF
## MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

Petitioner submits this Memorandum in support of his Motion for Temporary Restraining

Order and Preliminary Injunction against the defendant BAC Home Loans Servicing, L.P. ("BAC")

to immediately cease its activities to disrupt Petitioner from peaceful possession of his home and to

prohibit defendant and its agents and Orleans Parish Sheriff from removing petitioner, other residents,

and their possessions from their home, at 821-823 N. Dupre Street, New Orleans, Louisiana, 70119,

until further order of the Court.

1. FACTS

On April 22, 2010 the Orleans Parish Civil Sheriff sold the property at issue to BAC pursuant

to an ex parte foreclosure order signed by this court. Petitioner then received a 10 day Notice to

Vacate from counsel for BAC, see Exhibit A attached. In addition, BAC sent a realtor to the

premises on April 26, 2010, who informed Petitioner that he needed move out immediately and

could not take his stove or microwave, which are Petitioner's personal property.

Petitioner Frederick Thomas filed a Petition to Annul Sheriff's Sale and for Damages on April

29, 2010 within this proceeding. Frederick Thomas is 54 years old and lives with his brother, Emanuel

Thomas, at 823 N. Dupre Street, New Orleans, Louisiana. The brothers rent out the other side of

their shotgun double at 821 N. Dupre Street, New Orleans, Louisiana, to a tenant. Together Emanuel

and Frederick Thomas only receive social security income and rental income; their economic means

are limited. Petitioner and his brother, Emanuel Thomas, have no other place to go and will be

essentially homeless if they are forced to move out of the property at issue pursuant to BAC's 10

Day Notice to Vacate. They also have no place to store their belongings if they are forcibly

removed from the property and may lose those as well.

- 1 -

In wrongfully foreclosing, sending the Notice to Vacate, and sending the realtor to Petitioner's property, BAC has caused Petitioner to extreme emotional distress, mental anguish, and the disruption of his personal life. Further, if BAC were allowed to remove Petitioner, other occupants of the property at issue and their belongings pursuant to its 10 Day Notice to Vacate, Petitioner would experience further irreparable injury, loss and damages.

Petitioner has no other place to move to immediately and BAC has failed to comply with its obligations under federal law. BAC was required to consider the petitioner for a federally subsidized loan modification as an obligation of servicing a note owned by the Federal National Mortgage Association, commonly known as Fannie Mae, [1] and the bank's having received billions of dollars in federal bailout assistance.[2]

### 2. A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION SHOULD BE ISSUED WHERE PETITIONER HAS MADE A PRIMA FACIE CASE AND WILL SUFFER IRREPARABLE INJURY IF RELIEF IS NOT GRANTED.

Under La. C.C.P. art 3603, a temporary restraining order is properly granted when it appears from the facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss or damages will result to the applicant. La. C.C.P. Art. 3603; *Ciambotti v. Decatur-St. Louis, Lupin, Properties Ventures*, 533 So.2d 1352, 1358 (La. App. 3d Cir. 1988).

A preliminary injunction is designed to preserve the status quo until a determination can be made on the merits of the controversy. *Picard v. Choplin*, 306 So.2d 918, 919 (La. App. 3d Cir. 1975). The preliminary injunction requires less proof than is required in an ordinary proceeding for permanent injunction. *Kenner v. New Orleans Aviation Bd.*, 603 So. 2d 220, 223 (La.App. 5 Cir. 1992), *writ denied*, 604 So. 2d 1314 (La. 1992). The trial judge in a preliminary injunction hearing has great discretion to grant or deny the relief sought. *Kenner*, 603 So. 2d at 227; *Picard*, 306 So. 2d at 919.

An applicant for injunctive relief is not required to prove the merits of his case, but only to make a *prima facie* showing that he is entitled to the relief sought and that he will suffer irreparable injury if the relief is not granted. *Jo Ellen Smith Psychiatric Hospital v. Harrell*, 546 So. 2d 886, 891 (La. App. 1st Cir. 1989); *Picard v. Choplin*, 306 So. 2d 918, 919 (La. App. 3rd Cir. 1975); *Continental Titles,*

---

[1] *See* HAMP FAQS, Q1101 and Q1106, *available at*: https://www.efanniemae.com/sf/guides/ssg/relatedservicinginfo/; For a complete list of all Fannie Mae Servicing Guidelines, *see* Fannie Mae's website, *available at*: https://www.efanniemae.com/sf/mha/mhamod/.

[2] *See* Emergency Economic Stabilization Act of 2008 (EESA), signed into law on October 3, 2008, full text *available at*: http://www.govtrack.us/congress/billtext.xpd?bill=h110-1424. *See also* United States Department of Treasury Section 105(a) Trouble Asset Relief Program (TARP) Report to Congress for the Period April 1, 2009 to April 30, 2009, *available at*: http://www.financialstability.gov/docs/105CongressionalReports/105aReport_042009.pdf, p.16.

*Inc. v. U.S. Fire Insurance Co.*, 413 So. 2d 216, 217 (La. App. 4th Cir. 1982).

Here, Petitioner's Petition to Annul Sheriff's Sale and for Damages is currently pending. As shown below, Petitioner has made a prima facie case and the grounds for nullity and merits for annulling the sheriff's sale are clear where BAC has failed to comply with its federal obligations. Moreover, the removal of Petitioner, other occupants, and their belongings would constitute irreparable injury, loss and damages.

### 3. PETITIONER HAS MADE A PRIMA FACIE SHOWING BECAUSE HE HAS SHOWN GROUNDS FOR NULLITY AND MERITS FOR ANNULLING THE SHERIFF'S SALE.

#### a. Grounds for Nullity of a Sheriff's Sale

If there are substantive defects in the executory proceedings the sale may be attacked as a nullity even though the debtor failed to exercise his right to take a suspensive appeal or enjoin the sale provided the creditor is the adjudicatee at the sale. *Brown v. Everding*, 357 So.2d 1243 (La.App. 2nd Cir. 1978); *Reed v. Meaux*, 292 So.2d 557,563 (1974) (holding "the mortgagor-defendant in an executory proceeding may prevent a deficiency judgment, or may annul a sale if the property is still in the hands of the mortgagee-adjudicatee, on any ground for which he could have enjoined or appealed from the sale, even though he failed to take any such step to prevent it"); LSA-C.C.P. art. 2642; LSA R.S. 13:4112.

Furthermore, under LSA-C.C.P. art. 2001-4, the sheriff's sale may be attacked as a nullity obtained fraud or ill practices. *See Ellerd v. Williams*, 404 So.2d 1271, 1273 (La.App. 2nd Cir. 1981). *See also Bankers Life Co. v. Shost*, 518 So.2d 563 (La.App. 5 Cir. 1987); *Jambois O. & M. Machine Shop, Inc. v. Dixie Mill Sup. Co.*, 218 So.2d 672 (La.App. 4th Cir. 1969); *White Motor Co. v. Piggy Bak Cartage Corp.*, 202 So.2d 294 (La.App. 4th Cir. 1967).

The Sheriff's sale held on April 22, 2010 of the property at issue is null and void and should now be formally annulled for substantive defects, and because it was obtained by fraud and ill practices. Nullification of the Sheriff's sale is warranted because the sale occurred despite Petitioner's attempts to have his loan account reviewed for the U.S. Department of Treasury's Making Home Affordable Loan Modification by BAC. BAC was required to review Petitioner's loan account and follow other servicing guidelines under its Federal obligations after receiving received billions of dollars in federal bailout assistance and for servicing a note held by Fannie Mae. As discussed below, BAC was equitably estopped from selling Petitioner's home in foreclosure.

Further, BAC's right to foreclose was also unenforceable as an abuse of rights where it did so without first reviewing his account for a loan modification in violation of its federal obligations. In addition, BAC wrongfully foreclosed and violated contractual covenant of good faith when it had Petitioner's home sold at the Sheriff's sale. Since this sale clearly had substantive defects and the property was obtained by BAC through fraud and ill practices, the Sheriff's sale should be annulled.

      b.  Equitable Estoppel

Equitable estoppel arises when one by his actions, or by his silence when he ought to speak, induces another to believe certain facts and the other relies on these facts to his prejudice. The estoppel is designed to foster justice by preventing the first party from taking a position contrary to his prior conduct. *Bamber Contractors, Inc. v. Morrison Engineering & Contracting Co.*, Inc., 385 So.2d 327 (La.App. 1 Cir. 1980); *Schweibish v. Pontchartrain State Bank*, 389 So.2d 731 (La.App. 4 Cir. 1980) *City of Bossier City v. Usery*, 356 So.2d 1099 (La.App. 2 Cir. 1978). *See also Allardyce v. Abrahams*, 182 So. 717 (La.App. 1938); *Motors Securities Co. v. Adkins*, 50 So.2d 667 (La.App. 2 Cir. 1951)(hearing a plea for estoppel in an injunction).

The elements required for the application of equitable estoppel are: a representation by conduct or work; justifiable reliance thereon; and a change of position to one's detriment because of the reliance. *Westenberger v. State Through Dept. of Ed.*, 333 So.2d 264 (La.App. 1 Cir. 1976); LSA-C.C. Art. 1967.

Here, Petitioner was told by Bank of America on many occasions that his HAMP loan modification application was still pending and the sale set for April 22nd would likely be postponed. In fact, he was continuously told by representatives of Bank of America that his application was still pending, until April 20th, only two days before the Sheriff's sale. At that point he found out that it apparently had not been pending ever since April 8th. Further, he was told that he could not yet reapply for consideration under HAMP.

Under the HAMP Servicing Guidelines, BAC could not proceed with foreclosure without: 1) reviewing Petitioner's account for a HAMP loan modification; and 2) notifying Petitioner of an offer or denial. Since Bank of America had postponed three other Sheriff's sales set for Petitioner's property because his HAMP application was pending, Petitioner relied on Bank of America's statements and gave up his right to bring an injunction against the Sheriff's sale or otherwise try to stop the sale. Petitioner here lost his home because he relied to his detriment on BAC's statements

- 4 -

that his application for a loan modification was still under review.

BAC should have been equitably estopped from moving forward with the Sheriff's sale under the circumstances described above. Moreover, equitable estoppel would have been a complete defense to foreclosure. The Sheriff's sale conducted on April 22nd should now be nullified and reversed as Petitioner could have enjoined the sale using the defense of equitable estoppel, had he known that his account was not reviewed for a loan modification or that his loan modification had been denied.

c. **Abuse of Rights**

The Abuse of Rights doctrine is a civilian concept of judicial control which is applied only in limited circumstances because its application renders unenforceable one's otherwise judicially protected rights. *Truschinger v. Pak*, 513 So.2d 1151, 1154 (La. 1987)(citing *Illinois Central Gulf Railroad Co. v.International Harvester Co.*, 368 So.2d 1009 (La. 1979)); *Morse v. J. Ray McDermott & Co.*, 344 So.2d 1353 (La. 1977) (holding an employer could not defeat his obligation to pay an employee the remaining portions of the employee's compensation by terminating his employment without cause); *Onorato v. Maestri*, 173 La. 375, 137 So.67 (1931); *Higins Oil & Fuel Co. v. Guaranty Oil Co.*, 145 La. 233, 82 So.206 (1919).

The Abuse of Rights doctrine has been applied only when one of the following conditions is met: (1) if the predominant motive for it was to cause harm; (2) if there was no serious or legitimate motive for refusing; (3) if the exercise of the right to refuse is against moral rules, good faith, or elementary fairness; or (4) if the right to refuse is exercised for a purpose other than for which it was granted. *Id.*

Normally, BAC would have a right to foreclose as the servicer of Petitioner's loan. However, BAC's right to foreclose here was unenforceable and the sale should be annulled under the Abuse of Rights doctrine. BAC refused to offer Petitioner a loan modification or alternative to foreclosure before the Sheriff's sale, and did so in violation of its federal obligations and the Fannie Mae HAMP Servicing Guidelines. Further, BAC had no serious or legitimate motive to refuse to offer Petitioner a loan modification or alternative to foreclosure before selling his home. Going forward with the Sheriff's sale without even doing a cost/benefit analysis or attempting to work out a loan modification with Petitioner is not good business policy. A mortgage company can make much more money, through interest, over a life of a loan, than proceeding directly with a Sheriff's

sale where the mortgage company purchases the property itself and has to pay for upkeep (grass cutting, maintenance, homeowner's insurance, theft in abandoned properties) and then pay a realtor to resell the property. Therefore, BAC's refusal to review Petitioner's account for a loan modification and subsequent wrongful foreclosure on Petitioner's home, both in violation of federal obligations, constitute an abuse of rights and the sale should be annulled and reversed as such

4.  THE REMOVAL OF PETITIONER, OTHER RESIDENTS AND ANY BELONGINGS WOULD CAUSE IRREPARABLE INJURY

Under Louisiana jurisprudence, an "irreparable injury" is one which cannot be adequately compensated by money damages or which cannot be measured by a pecuniary standard. *Terrebonne Parish Police Jury v. Matherne*, 405 So.2d 314, 319 (La. 1981), *cert. denied* 456 U.S. 972, 102 S.Ct. 2234 (1982); *Anzelmo v. Louisiana Commission on Ethics for Public Employees*, 435 So.2d 1082 (La. App. 1st Cir. 1983).

It is a long adhered to legal doctrine that property is unique and its loss constitutes irreparable injury. The Third Circuit has held that the government's evicting a citizen from his or her home meets the irreparable injury standard. "Loss of the 'reasonable enjoyment' of one's home often cannot be adequately compensated by the payment of money." *Robbins v. State Through State Land Office*, 97-671, p.9 (La. App. 3 Cir. 1997); 704 So.2d 961 (upholding an injunction against eviction of lessee and others from their homes stating their removal constituted "irreparable harm" necessary to support issuance of temporary injunction). *See also Bean v. Independent American Savings Association*, 838 F.2d 739, 743 (5th Cir. 1988) ("Because Bean stands to lose interests in real property, which we presume are unique, there is no adequate post-foreclosure remedy that could substitute for injunctive relief."); *United Church of the Medical Center v. Medical Center Comm'n*, 689 F.2d 693, 701 (7th Cir. 1982) ("It is settled beyond the need for citation, however, that a given piece of property is considered to be unique, and its loss is always an irreparable injury.").

Here, if the Petitioner and other occupants, or his belongings were removed, they would lose rental income, nearly all his belongings since he has no place to store his things, and he and his disabled brother would be essentially homeless. This clearly meets the irreparable injury standard given in cases cited above. For example, in the *Bean* case, the Petitioner was granted a preliminary injunction to stop a foreclosure sale. 838 F.2d at 743. Here, the foreclosure sale has already happened, but Petitioner here has the same need to be protected from the irreparable injury of having his belongings, his tenants and himself removed from his residence.

- 6 -

Therefore, a Temporary Restraining Order should issue immediately preventing irreparable injury to the Petitioner, until a hearing can be held on Petitioner's Request for a Preliminary Injunction. Thereafter a Preliminary Injunction should issue until a decision can be made on the issue of nullity of the Sheriff's Sale of the property.

### 5.  CONCLUSION

For the foregoing reasons, Petitioner Frederick Thomas requests this Court to grant his Motion for Temporary Restraining Order and set a rule to show cause hearing so that a Preliminary Injunction may issue against Defendant BAC Home Loans Servicing, L.P., and the Orleans Parish Civil Sheriff's Office, to immediately cease their activities disrupting Petitioner's possession of the property at issue, at 821-823 N. Dupre St., New Orleans, Louisiana, 70119, so as to allow Petitioner, his brother Emanuel Thomas, their tenants, and all of their belongings to remain in the property.

Petitioner further requests costs herein and such other and further relief as the Court may deem equitable and just.

Respectfully submitted,

Southeast Louisiana Legal Services

By: _____

Lauren E. Bartlett, LSBA Bar. No. 31573
David H. Williams, LSBA Bar No. 17867
1010 Common Street, Suite 1400A
New Orleans, Louisiana  70112
Telephone: (504) 529-1000, ext. 271
Fax: (504) 529-1009

Attorneys for Petitioner Frederick Thomas.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No. 10-4340

Division: N
Section: 8

FREDERICK THOMAS

VERSUS

BAC HOME LOANS SERVICING, L.P.

FILED _____          _____
                                          DEPUTY CLERK

## MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

NOW INTO COURT, through undersigned counsel, comes the petitioner, Frederick Thomas, who respectfully requests a Temporary Restraining Order and, after hearing, Preliminary Injunction, enjoining the defendant BAC Home Loans Servicing, L.P. ("BAC") and the Orleans Parish Civil Sheriff's Office to immediately cease their activities disrupting Petitioner's possession of the property at issue, at 821-823 N. Dupre St., New Orleans, Louisiana, 70119, so as to allow Petitioner, his brother Emanuel Thomas, their tenants, and all of their belongings to remain in the residence.

BAC has foreclosed on Petitioner's home, bought the home at the Sheriffs' sale, and has stated an intention to have Petitioner forcibly removed by the Sheriff if not out by Wednesday May 5, 2010. Petitioner has filed a Petition to Annul Sheriff's Sale and for Damages, because of BAC's failure to comply with its obligation to evaluate the homeowner for a loan modification, which is a requirement the bank must comply with in exchange for having received billions of dollars in Federal bailout assistance and for servicing a note held by Fannie Mae.

As set forth in the proposed Temporary Restraining Order attached to the Petition for Injunction, Petitioner requests a special setting for a hearing on a rule to show cause as to why a Preliminary Injunction should also not be granted. Petitioner further requests he be allowed to deposit $750 per month, fair market rent as security required under LSA-C.C.P. art. 3610. A memorandum in support of this motion is attached hereto and incorporated herein by reference.

Respectfully submitted,

Southeast Louisiana Legal Services

By: _Bartlett_____
Lauren E. Bartlett, LSBA Bar. No. 31573
David H. Williams, LSBA Bar No. 17867
1010 Common Street, Suite 1400A
New Orleans, Louisiana 70112
Telephone: (504) 529-1000, ext. 271
Fax: (504) 529-1009

Attorneys for Petitioner Frederick Thomas.

- 1 -

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No. 10-4340

Division: N
Section: 8

FREDERICK THOMAS

VERSUS

BAC HOME LOANS SERVICING, L.P.

FILED _____

_____
DEPUTY CLERK

### ATTORNEY'S CERTIFICATE OF PRIOR NOTICE TO DEFENDANT OF PLAINTIFF'S INTENT TO SEEK TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

STATE OF LOUISIANA
PARISH OF ORLEANS

In compliance with the terms of Louisiana Civil Code Art. 3603A(2), Lauren E. Bartlett, counsel for the petitioner herein, submits that she has notified counsel for the defendant, Anne Raymond of Jackson & McPherson, LLC, in writing, by facsimile, email and by voicemail of her intent to seek a restraining order on April 29, 2010. Lauren E. Bartlett also left another voicemail message for Ms. Raymond on April 30, 2010. On May 4, 2010, Lauren E. Bartlett faxed, emailed and mailed a nearly complete copy of the Motion and Memorandum in support of his Motion for Temporary Restraining Order and Preliminary Injunction to Ms. Raymond and mailed a copy of the same to Bank of America. Ms. Raymond has not yet returned the calls or communications.

_____
LAUREN E. BARTLETT
Attorney for Petitioner
LSBA# 31573
1010 Common Street
Suite 1400A
New Orleans, LA  70112
(504) 529-1000 Ext. 271

- 1 -

AFFIDAVIT
STATE OF LOUISIANA
ORLEANS PARISH

BEFORE ME, the undersigned authority, Notary Public, duly commissioned and qualified in the state and parish, came, FREDERICK THOMAS, who upon being duly sworn did depose and say that:

1.  He is petitioner in this court, Docket No. 10-4340;

2.  He lives at 823 N. Dupre Street, New Orleans, Louisiana, 70119, with his brother

    Emanuel Thomas;

3.  He rents out the property at 821 N. Dupre Street, New Orleans, Louisiana, 70119,

    for $750 per month to a tenant;

4.  He receives only social security and rental income;

5.  If forced to leave his home, he and his brother, Emanuel Thomas, have no other

    place to stay;

6.  He does not have enough money to move and store his belongings, plus pay for

    renting another place to live, much less post a security deposit;

7.  On Monday April 26, 2010, he received a 10 day Notice to Vacate from counsel for

    BAC sent by U.S. mail, a copy of which is attached as Exhibit A;

8.  On Monday April 26, 2010, a realtor came to his property and informed Frederick

    Thomas that he needs move out immediately and could not take his own stove or

    microwave with him, which are his personal property;

9.  He has experienced emotional distress, mental anguish, disruption of his personal life

    and inconvenience due to the circumstances above.

                                    _Frederick Thomas_
                                    FREDERICK THOMAS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 4th day of May, 2010.

_Emanuel Mcquirt_
NOTARY PUBLIC
Louisiana Bar Roll No. __31733__
My commission expires at death.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No. 10-4340

Division:  N
Section: 8

FREDERICK THOMAS

VERSUS

BAC HOME LOANS SERVICING, L.P.

FILED _____

_____
DEPUTY CLERK

<u>TEMPORARY RESTRAINING ORDER</u>

      Considering the verified petition filed herein, and the Court being satisfied from the specific facts therein appearing that immediate and irreparable injury, loss and damage will result to the plaintiff if the defendant removes petitioner from his home before notice can be served and a hearing had on plaintiff's application for a preliminary injunction;

      **IT IS ORDERED** by the Court that defendant, BAC HOME LOANS SERVICING, L.P. its agents, officers, employees and attorneys, shall be and they are hereby are temporarily restrained, enjoined, and prohibited from removing Petitioner, any other occupants, or any belongings, or otherwise interfering with Petitioner's peaceful possession of the property at 821-823 N. Dupre Street, New Orleans, Louisiana, 70119;

      **IT IS FURTHER ORDERED** by the Court that the Orleans Parish Civil Sheriff's Office, its agents, officers, employees and attorneys, or any other appropriate law enforcement agency, shall be and hereby are temporarily restrained, enjoined and prohibited from removing Petitioner, any other occupants, or any belongings, or otherwise interfering with Petitioner's peaceful possession of the property at 821-823 N. Dupre Street, New Orleans, Louisiana, 70119;

      This temporary restraining order will expire at the end of _____ days from the date hereof, unless extended by this Court prior to its expiration for good cause shown and the reasons therefore entered of record herein.

      **IT IS FURTHER ORDERED** by the Court that Petitioner will deposit with the Court $803.19 per month, which is the principal, interest and escrow payment for the property at issue, by the 5th of each month, starting June 5th, 2010, as security in lieu of posting a bond;

      **IT IS FURTHER ORDERED** by the Court that BAC HOME LOANS SERVICING,

L.P. show cause before this court on the _____ day of _____, 2010 at the hour of

_____ o'clock A.M./P.M. why a preliminary writ of injunction, in the form and substance of the

above temporary restraining order, should not issue herein, to be effective during the pendency of

these proceedings; and that on the hearing of the said rule proof may be adduced by verified

pleadings, supporting affidavits, or by any or all these methods at the election of either of the parties

litigant.

Thus done and signed in chambers at New Orleans, Louisiana, this _____ day of May,

2010.

_____
JUDGE

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No. 10-4340

Division: N
Section: 8

FREDERICK THOMAS

VERSUS

BAC HOME LOANS SERVICING, L.P.

FILED _____

_____
DEPUTY CLERK

PRELIMINARY INJUNCTION ORDER

Considering the verified petition filed herein, and the Court being satisfied from the specific facts therein appearing that a prima facie showing has been made that Petitioner is entitled to the relief sought and that he will suffer irreparable injury if the relief is not granted before a determination can be made on the merits of the Petition to Annul Sheriff's Sale;

IT IS ORDERED by the Court that defendant, BAC HOME LOANS SERVICING, L.P. its agents, officers, employees and attorneys, shall be and they are hereby are temporarily restrained, enjoined, and prohibited from removing Petitioner, any other occupants, or any belongings, or otherwise interfering with Petitioner's peaceful possession of the property at 821-823 N. Dupre Street, New Orleans, Louisiana, 70119;

IT IS FURTHER ORDERED by the Court that the Orleans Parish Civil Sheriff's Office, its agents, officers, employees and attorneys, or any other appropriate law enforcement agency, shall be and hereby are temporarily restrained, enjoined and prohibited from removing Petitioner, any other occupants, or any belongings, or otherwise interfering with Petitioner's peaceful possession of the property at 821-823 N. Dupre Street, New Orleans, Louisiana, 70119;

IT IS FURTHER ORDERED by the Court that Petitioner will deposit with the Court $803.19 per month, which is the principal, interest and escrow payment for the property at issue, by the 5th of each month, starting June 5th, 2010, as security in lieu of posting a bond;

This preliminary injunction shall remain in affect until further order of the court.

Thus done and signed in chambers at New Orleans, Louisiana, this _____ day of May,

2010.

_____
JUDGE

# JACKSON & McPHERSON, L.L.C.

### ATTORNEYS AT LAW

RADER JACKSON
JACQUELINE McPHERSON
CRIS R. JACKSON
ANNE E. RAYMOND

SUITE 1800
1010 COMMON STREET
NEW ORLEANS, LOUISIANA 70112-2401

TELEPHONE (504) 581-9444
FACSIMILE (504) 588-2898

April 22, 2010

Clarence Thomas
821-823 N Dupre
New Orleans, Louisiana 70119
<u>AND/OR</u> All occupants residing at said address

### FORMAL NOTICE OF FORECLOSURE SALE, EVICTION & TENANT'S RIGHTS UNDER FEDERAL LAW

NOTICE is hereby given that our client has acquired title to this property address (hereafter known as "Premises") at a foreclosure sale. At any time our client may transfer ownership to another entity or governmental agency such as Fannie Mae, Freddie Mac, the Veterans Administration, etc. This notice shall cover any future owner to whom our client may transfer title.

NOTICE IS FURTHER GIVEN THAT the Federal "Protecting Tenants at Foreclosure Act of 2009" ("PTFA") grants certain rights and protections to any occupant of the Premises who is a "bona fide" tenant, as defined by the PTFA. Our client at this time has no credible information to believe that any occupant of the Premises is a "bona fide" tenant as defined by the PTFA. This Notice is given, in part, to provide any occupant the opportunity prior to the commencement of an eviction action for possession to provide acceptable evidence to show that the occupant is entitled to the protection of the PTFA.

### TEN (10) DAY NOTICE TO VACATE

If you are a former owner or a person who is not a "bona fide" tenant under the PTFA, the new owner terminates any and all rights to occupancy and instructs you to vacate the Premises no later than ten (10) days following delivery of this letter. Please remove all of your personal belongings including furniture, disabled vehicles, etc., secure the property and leave the property in broom clean condition. <u>Failure to comply will cause and require a request to issue a Writ of Possession to be executed by the Sheriff's Office for a formal eviction action.</u> Please notify our office (or real estate contact or broker if one has contacted you) of the date you anticipate actual vacancy.

### RELOCATION ASSISTANCE

Some mortgage companies or servicers provide relocation assistance programs to occupants of its foreclosed properties. To inquire about those options you should contact your former mortgage servicer's post foreclosure departments.

### [THIS IS A TWO PAGE NOTICE]



JACKSON & McPHERSON, L.L.C.

## ALTERNATIVE NINETY (90) DAY NOTICE

*In the event any occupant of the Premises is a bona fide tenant as defined by PTFA, **this letter is your official NINETY (90) DAY Notice to Vacate as required by PTFA** and your tenancy will terminate 90 days from the date of this letter and you must vacate the property before that date.* Please remove all of your personal belongings including furniture, disabled vehicles, etc. secure the property and leave the property in broom clean condition. If you are receiving government rental assistant, please contact your housing representative for notification and assistance in relocation. Failure to comply and vacate after 90 days will cause and require a request to issue a Writ of Possession to be executed by the Sheriff's Office for a formal eviction action. Please notify our office (or real estate contact or broker, if one has contacted you) of the date you anticipate actual vacancy.

Thus, ALL occupants are required within ten (10) days after receipt by you of this Notice EITHER (a) to produce acceptable evidence that the occupant is entitled to the protections of the PTFA and submit such proof via mail, fax or hand delivery to this law firm, OR (b) to vacate and surrender possession of the Premises. Failure to supply the acceptable evidence or to vacate within that time will result in an eviction proceeding for possession of the Premises being filed. Please see instructions on how to supply this evidence.

If this is or becomes a Fannie Mae (Federal National Mortgage Association) property a "Knowing Your Options" document will be delivered to you. If Fannie Mae does not receive a response from you, it is assumed you are not entitled to the additional protections under the Protecting Tenants at Foreclosure Act of 2009. You may be contacted by a real estate agent or broker or other representative of the new owners. Please provide any proof of any rent (receipts, check copies) you have been paying, the name, address and contact information of the person you have paid and copy of a lease you may possess.

## BONA FIDE TENANT INFORMATION

IF YOU BELIEVE YOU QUALIFY AS A BONA FIDE TENANT OF THE PRIOR OWNER UNDER PTFA, please notify our office immediately. You must provide the following verifying documents by mail, fax, or in person to Jackson & McPherson, L.L.C., Suite 1800, 1010 Common Street, New Orleans, LA 70112-2401, Fax: 504-588-2888:

- A copy of your lease (or, if your lease is oral, proof of rent payment)
- A return phone number and the best time to reach you
- The receipt for the last six (6) payments made to the landlord for the residence (or the length of time you have resided in the property, if less than six (6) months)

For any questions, please call (504) 581-9444 and state that you believe you are a bona fide tenant in a foreclosed property.

THE EVICTION MAY BE FILED AFTER TEN (10) DAYS OF DELIVERY OF THIS LETTER UNLESS THE INSTRUCTIONS CONTAINED IN THIS LETTER ARE FOLLOWED AND UNLESS IT HAS BEEN ESTABLISHED AND CONFIRMED IN WRITING THAT YOU ARE A BONA FIDE TENANT. WE TRUST THIS WILL NOT BE NECESSARY.

JACKSON & MCPHERSON, L.L.C.



  

MAKING HOME AFFORDABLE

## Frequently Asked Questions – *Servicing Guide* Announcement 09-05R: *Home Affordable Modification*

As of February, 25 2010

This document clarifies *Servicing Guide* Announcement 09-05R and *Servicing Guide* Announcement 09-31. Servicers remain responsible for following the Fannie Mae Single-Family *Selling and Servicing Guides*, Announcements, and Delegations of Authority (collectively, the "Guides"), and in the event of a conflict between the information in these FAQs and the Guides, the terms of the Guides shall govern.

### A.   General

Q1000. Who should I contact with HAMP-related questions?

Policy clarifications or loan-level questions by servicers should be directed to the following:

| For questions regarding | Contact |
| --- | --- |
| • Non-GSE Supplemental Directives, policy clarifications, and loan-level questions <br> • All reporting for the U.S. Treasury Department using HAMP Data Collector or the HAMP Reporting System | **HAMP Support Center:** <br> • support@hmpadmin.com <br> • 1-866-939-4469 <br> • 9:00 a.m. to 9:00 p.m. ET, Monday through Friday |
| • Fannie Mae HAMP-related *Servicing Guide* Announcements, policy clarifications, or loan-level questions <br> • Fannie Mae reporting via HomeSaver Solutions® Network (HSSN) | **Fannie Mae Servicer Support Center:** <br> • servicing_solutions@fanniemae.com <br> • 1-888-FANNIE-5 (326-6435) <br> • 9:00 a.m. to 8:00 p.m. ET, Monday through Friday |
| • Freddie Mac HAMP-related Guide Bulletins, policy clarifications, and loan-level questions <br> • Freddie Mac reporting | **Freddie Mac Servicer Support:** <br> • 1-800-FREDDIE (373-3243) <br> • 8:00 a.m. to 8:00 p.m. ET, Monday through Friday business days |

PLAINTIFF'S EXHIBIT

B

© 2010 Fannie Mae. Trademarks of Fannie Mae.      Revised - FM 02/25/10

The Making Home Affordable logo is a trademark of the United States Department of the Treasury and is used under license.     1 of 28

available at: https://efanniemae.com/sf/guides/ssg/relatedservicenginfo/pdf/hampfaqs.pdf

## B.   Borrower Eligibility

**Q1100. Does the reason for the default have to be resolved before a borrower is eligible for a Home Affordable Modification?**

Servicers should encourage borrowers to resolve the cause of a mortgage default, when appropriate, including providing referrals to HUD-approved housing counselors. However, a servicer cannot require a borrower to resolve the reason for the default as a condition of a Home Affordable Modification if the borrower meets HAMP eligibility requirements.

**Q1101. How should borrowers who contact their servicer be handled with respect to HAMP if the servicer does not yet have the proper documents or is not yet equipped to evaluate the borrower's situation?**

Servicers are required to validate the homeowner's eligibility for HAMP and capacity to pay. Servicers should begin the process of collecting the required documentation from the homeowner and the information necessary to establish an escrow account on non-escrowed loans. Based on the servicer's understanding of the homeowner's ability to pay, a servicer may place a homeowner on a forbearance plan pending its ability to execute a HAMP modification. Foreclosure actions (with the exception of those in Georgia, Hawaii, Missouri and Virginia), including initiation of new foreclosure actions, must be postponed for all borrowers that meet the minimum HAMP eligibility criteria.

**Q1102. Can a loan be modified to a monthly mortgage payment ratio below 31 percent?**

Servicers must apply the specified modification steps until the borrower's monthly mortgage payment ratio is reduced as close as possible to 31 percent, without going under 31 percent. Servicers must request prior written approval from Fannie Mae to deviate from the specified modification steps or to reduce the monthly mortgage payment ratio below 31 percent. In any event, incentive payments will be made based only on modification terms that reflect a 31 percent monthly mortgage payment ratio.

**Q1103. Are home equity loans that are in first lien position eligible for modification under HAMP?**

First lien home equity loans or lines of credit are eligible for modification under HAMP provided that the borrower and loan meet the basic HAMP eligibility criteria and (i) the servicer has the capability within its servicing system to clearly identify the loan as a first lien and (ii) the servicer has the ability to establish an escrow for the loan as required by *Servicing Guide* Announcement 09-05R.

Any HAMP modification of a first lien home equity line of credit must result in a modified loan that is a fixed rate, fully amortizing loan that does not permit the borrower to draw any further amounts from the line of credit.

**Q1104.** REVISED **Can a servicer issue an offer under HAMP to a borrower whose mortgage is secured by a condominium or co-op unit if the servicer does not have current association fee information?**

Yes. A servicer may issue an offer under HAMP to a borrower whose mortgage is secured by a condominium or co-op unit if the servicer does not have the current association fee information. If a borrower has indicated that there are association fees, but has not been able to provide current written documentation to verify the fees, the servicer may rely on the information provided by the borrower if the servicer has made reasonable efforts to obtain the association fee information.

**Q1105. If a borrower is delinquent and currently has a front end monthly mortgage payment ratio less than 31 percent, but capitalization of the delinquent amounts will cause the monthly mortgage payment ratio to exceed 31 percent, does the borrower qualify for HAMP?**

No. The borrower will only qualify for HAMP if the verified income documentation confirms that the monthly mortgage payment ratio prior to the modification is greater than 31 percent and provided that the borrower is eligible for at least a 1/8th percent drop in the interest rate without the modified monthly mortgage payment ratio going below 31 percent.

**Q1106. Must servicers suspend foreclosure or not initiate foreclosure for all borrowers who are potentially eligible for HAMP?**

To ensure that a borrower currently in foreclosure or at risk of foreclosure has the opportunity to apply for a HAMP modification, servicers should not proceed with a foreclosure sale until the borrower has been evaluated for the program. Additionally, servicers are strongly encouraged not to initiate foreclosure until a borrower has been evaluated and determined to be ineligible for the program or the borrower fails to respond to a trial period plan offer that has been made by the servicer.

**Q1107. Intentionally Left Blank**

**Q1108. Is a loan that secures a property owned by an *inter vivos* (living) revocable trust eligible for HAMP? What additional information or documentation, if any, should be obtained?**

A loan secured by a property owned by an *inter vivos* revocable trust is eligible for HAMP as long as the borrower (i) is a trustee of the trust, (ii) is a primary beneficiary of the trust, and (iii) occupies the property as his or her primary residence. The borrower must sign all HAMP-related documents in both an individual capacity and as trustee of the *inter vivos* revocable trust. For document requirements, servicers should refer to the "Other Pertinent Information" section of the document summary for the Home Affordable Modification Agreement (Fannie Mae/Freddie Mac Uniform Instrument, Form 3157) (the "Home Affordable Modification Agreement"),which is available at

https://www.efanniemae.com/sf/formsdocs/documents/specialpurpose/doc/3157.doc .

© 2010 Fannie Mae. Trademarks of Fannie Mae.
The Making Home Affordable logo is a trademark of the United States Department of the Treasury and is used under license.

Revised - FM 02/25/10

3 of 28





7006 3450 0001 0408 8510

Lauren E. Bartlett
Southeast Louisiana Legal Services
1010 Common Street, Suite 1400A
New Orleans, LA 70112

BAC Home Loans Servicing, L.P. or Bank of America, N.A.
c/o CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

 CT Corporation

**Service of Process Transmittal**
06/09/2010
CT Log Number 516761185

**TO:**    Andrew Bott
Bank of America
CA5-705-08-01, 555 California Street, 8th Floor
San Francisco, CA 94104

**RE:    Process Served in Louisiana**

**FOR:**    Bank of America, National Association (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Frederick Thomas, Pltf. vs. BAC Home Loans Servicing, L.P., Dft. // To: Bank of America, N.A. or BAC Home Loans Servicing, L.P. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Exparte Motion, Order |
| **COURT/AGENCY:** | Orleans Civil District Court, Parish of Orleans, LA Case # 2009-9485 |
| **NATURE OF ACTION:** | Foreclosure Litigation - Exparte Motion and Order transferring case |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/09/2010 postmarked on 06/08/2010 |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Lauren E. Bartlett Southeast Louisiana Legal Services 1010 Common Street, Suite 1400 A New Orleans, LA 70112 504-529-1000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 799521742609 Image SOP Email Notification, Andrew Bott andrew.m.bott@bankofamerica.com |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Lisa Uttech 5615 Corporate Blvd Suite 400B Baton Rouge, LA 70808 |
| **TELEPHONE:** | 225-922-4490 |

Page 1 of  2 / RT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
06/09/2010
CT Log Number 516761185

**TO:**   Andrew Bott
Bank of America
CA5-705-08-01, 555 California Street, 8th Floor
San Francisco, CA 94104

**RE:**   **Process Served in Louisiana**

**FOR:**   Bank of America, National Association (Domestic State: N/A)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter, Motion | By Certified Mail on 06/09/2010 postmarked on 06/08/2010 | Andrew Bott Bank of America | 516761120 |
| Citation, Petition | By Process Server on 05/21/2010 at 08:25 | Andrew Bott Bank of America | 516669387 |
| Letter, Proposed Motion, Orders, Amended Petition, Motion, Memorandum, Certificate, Restraining Order, Exhibits | By Certified Mail on 05/05/2010 postmarked on 05/04/2010 | Andrew Bott Bank of America | 516581400 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SOUTHEAST LOUISIANA LEGAL SERVICES

1010 Common St., Suite 1400A
New Orleans, Louisiana 70112
Phone: (504) 529-1000  Fax: (504) 529-1009
Web Address: www.slls.org

**Lauren E. Bartlett**
**Staff Attorney**

**Direct Line:**  **(504) 529-1000 Ext. 271**
**Email:**  **lbartlett@slls.org**

VIA CERTIFIED MAIL

June 8, 2010

BAC Home Loans Servicing, L.P. or Bank of America, N.A.
c/o CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

Re:   **Loan No.**        100045629
      **Borrower:**     **Emanuel and Frederick Thomas (Estate of Clarence Thomas)**
      **Property address:**  **821-823 N. Dupre St.**
                        **New Orleans, LA 70119**
      *Frederick Thomas v. BAC Home Loans Servicing, L.P.*, CDC Case No. 2010-4340

To Whom It May Concern:

      As you know, this office represents Mr. Frederick Thomas in regards to the above-captioned case. Enclosed please find the Ex Parte Motion and Order Transferring Case that we will file on June 9, 2010.

      Please call me with questions at (504) 529-1000 Ext. 271.

                        Sincerely,

                        *Bartlett*

                        Lauren E. Bartlett
                        Staff Attorney, Foreclosure Prevention Unit

    A Partner

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No. 2009-9485

Division: D
Section: 16

FREDERICK THOMAS

VERSUS

BAC HOME LOANS SERVICING, L.P.

FILED _____    _____
                                          DEPUTY CLERK

## EX PARTE MOTION AND ORDER TRANSFERRING CASE

NOW INTO COURT, through undersigned counsel, comes Defendant in the above numbered and

entitled action, who suggests to the Court that:

I.

On September 9, 2009, Plaintiff BAC Home Loans Servicing, L.P. filed this Suit on Note

with Foreclosure of Mortgage by Executory Process with this Court, the above numbered and

entitled action, naming Frederick Thomas as a defendant.

II.

Defendant Frederick Thomas filed a Petition to Annul Sheriff's Sale and for Damages on

April 29, 2010 in this court, Case No. 10-4340. BAC Home Loans Servicing, L.P. has not appeared

in that case and a preliminary default has been taken against them.

III.

Mover suggests that this suit, Docket No. 2010-4340 seeks to nullify the actions in this

earlier suit, Docket No. 2009-9485. As a result, the two actions involve a common issue of fact and

law and, therefore, the higher numbered suit Docket No. 2010-4340 should be transferred from

Division N, Section 8 to Division D, Section 16.

Respectfully submitted,

SOUTHEAST LOUISIANA LEGAL
SERVICES

By: _____

Lauren E. Bartlett, LSBA Bar. No. 31573
David H. Williams, LSBA Bar No. 17867

1010 Common Street, Suite 1400A
New Orleans, Louisiana 70112
Telephone: (504) 529-1000, ext. 271
Fax: (504) 529-1009

Attorneys for Petitioner Frederick Thomas.

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by certified mail, postage prepaid on the 8th of June, 2010 to BAC Home Loans Servicing, L.P. or Bank of America, N.A., c/o CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, 70808.

LAUREN E. BARTLETT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No. 2009-9485

Division:  D
Section: 16

FREDERICK THOMAS

VERSUS

BAC HOME LOANS SERVICING, L.P.

FILED _____          _____
                                                                DEPUTY CLERK

ORDER

Considering the foregoing motion:

    **IT IS ORDERED** that the matter entitled "Frederick Thomas versus BAC Home Loans

Servicing, L.P", Docket No. 2010-4340, on the docket of the Civil District Court of the Parish of

Orleans, State of Louisiana be and is hereby transferred to Division D, Section 16.

    New Orleans, Louisiana, this the____day of June 2010.

    _____
    J U D G E LLOYD J. MEDLEY
    Docket No. 2009-9485

US POSTAGE

HASLER

037H15538434
$5.710
06/08/2010
Mailed From 70112



CERTIFIED MAIL™

7010 0780 0001 9612 1391

Lauren E. Bartlett
Southeast Louisiana Legal Services
1010 Common Street, Suite 1400A
New Orleans, LA 70112

BAC Home Loans Servicing, L.P. or Bank of America, N.A.
c/o CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

**CT Corporation**

**TO:** Andrew Bott
Bank of America
CA5-705-08-01, 555 California Street, 8th Floor
San Francisco, CA 94104

**RE:** **Process Served in Louisiana**

**FOR:** Bank of America, National Association (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Frederick Thomas, Pltf. vs. BAC Home Loans Servicing, L.P., Dft. // To: Bank of America, N.A. or BAC Home Loans Servicing, L.P.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Motion |
| **COURT/AGENCY:** | Orleans Civil District Court, Parish of Orleans, LA<br>Case # 10-4340 |
| **NATURE OF ACTION:** | Foreclosure Litigation - Motion for preliminary default |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/09/2010 postmarked on 06/08/2010 |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Lauren E. Bartlett<br>Southeast Louisiana Legal Services<br>1010 Common Street, Suite 1400 A<br>New Orleans, LA 70112<br>504-529-1000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 799521742609<br>Image SOP<br>Email Notification, Andrew Bott andrew.m.bott@bankofamerica.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Lisa Uttech<br>5615 Corporate Blvd<br>Suite 400B<br>Baton Rouge, LA 70808<br>225-922-4490 |

Page 1 of 2 / RT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT Corporation**

**Service of Process Transmittal**
06/09/2010
CT Log Number516761120

**TO:** Andrew Bott
Bank of America
CA5-705-08-01, 555 California Street, 8th Floor
San Francisco, CA 94104

**RE:** **Process Served in Louisiana**

**FOR:** Bank of America, National Association (Domestic State: N/A)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Citation, Petition | By Process Server on 05/21/2010 at 08:25 | Andrew Bott<br>Bank of America | 516669387 |
| Letter, Proposed Motion, Orders, Amended Petition, Motion, Memorandum, Certificate, Restraining Order, Exhibits | By Certified Mail on 05/05/2010 postmarked on 05/04/2010 | Andrew Bott<br>Bank of America | 516581400 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SOUTHEAST LOUISIANA LEGAL SERVICES

1010 Common St., Suite 1400A
New Orleans, Louisiana 70112
Phone: (504) 529-1000 Fax: (504) 529-1009
Web Address: www.slls.org

**Lauren E. Bartlett**                    **Direct Line:**    **(504) 529-1000 Ext. 271**
**Staff Attorney**                        **Email:**          **lbartlett@slls.org**

VIA CERTIFIED MAIL

June 8, 2010

BAC Home Loans Servicing, L.P. or Bank of America, N.A.
c/o CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

Re:   **Loan No.**           **100045629**
      **Borrower:**          **Emanuel and Frederick Thomas (Estate of Clarence Thomas)**
      **Property address:**  **821-823 N. Dupre St.**
                             **New Orleans, LA 70119**
      *Frederick Thomas v. BAC Home Loans Servicing, L.P.*, CDC Case No. 2010-4340

To Whom It May Concern:

As you know, this office represents Mr. Frederick Thomas in regards to the above-captioned case. Enclosed please find the Motion for Preliminary that we will file on June 9, 2010.

Please call me with questions at (504) 529-1000 Ext. 271.

Sincerely,

Bartlett

Lauren E. Bartlett
Staff Attorney, Foreclosure Prevention Unit

 LSC      A Partner

ORLEANS PARISH CIVIL DISTRICT COURT
STATE OF LOUISIANA

No. 10-4340                                    Division: N
                                              Section: 8

FREDERICK THOMAS
VERSUS
BAC HOME LOANS SERVICING, L.P.

FILED _____    _____

                                DEPUTY CLERK

### MOTION FOR PRELIMINARY DEFAULT

NOW INTO COURT through undersigned counsel comes Plaintiff, Frederick Thomas,

who has filed a petition for nullity and now moves for a preliminary default.

Defendant BAC Home Loans Servicing, L.P. was served with Defendant's Petition to

Annul Sheriff's Sale and for Damages through its agent, CT Corporation System, at 5615

Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, 70808, on May 21, 2010.  Defendant

failed to answer or request an extension of time within fifteen (15) days.  Therefore, Plaintiff

Frederick Thomas is entitled to a preliminary default against BAC Home Loans Servicing, L.P.

Respectfully submitted,

SOUTHEAST LOUISIANA LEGAL SERVICES

By: _____
LAUREN E. BARTLETT, LSBA Bar No. 31573
DAVID H. WILLIAMS, LSBA Bar No. 17867
1010 Common Street, Suite 1400A
New Orleans, Louisiana  70112
Telephone: (504) 529-1000, ext. 271
Fax: (504) 529-1009

Attorneys for Petitioner Frederick Thomas.

### CERTIFICATE OF SERVICE

I, the undersigned, do certify that a copy of the above motion has been served upon
Defendant c/o CT Corporation System, at 5615 Corporate Blvd., Suite 400B, Baton Rouge,
Louisiana, 70808, by mailing the same by First Class U.S. Mail, properly addressed and postage
prepaid, on this 8th day of June, 2010.

_____
LAUREN E. BARTLETT

### ORDER

Considering Defendant's Motion for Preliminary Default,

IT IS ORDERED that preliminary by default be and is hereby entered against BAC

Home Loans Servicing, L.P.

_____
JUDGE

Lauren E. Bartlett
Southeast Louisiana Legal Services
1010 Common Street, Suite 1400A
New Orleans, LA 70112

**CERTIFIED MAIL**

7010 0780 0001 4812 1384

BAC Home Loans Servicing, L.P. or Bank of America, N.A.
c/o CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

HASLER
017H15538434
$5.540
08/08/2010
Mailed From 70112

US POSTAGE