```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

FREDERICK THOMAS                *           CIVIL ACTION

VERSUS                          *           NO: 10-4298

BAC HOME LOANS SERVICING,       *           SECTION: "D"(2)
L.P.

## ORDER AND REASONS

Before the court are following motions:

(1) **Motion to Remand and for Attorney Fees (Doc. No. 8)** filed by Plaintiff, Frederick Thomas; and

(2) **Motion to Dismiss for Failure to State a Claim (Doc. No. 9)** filed by Defendant, BAC Home Loans Servicing, L.P. (Bank of America).

The motions, set for hearing on Wednesday, January 12, 2011, are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that case should be remanded to state court.

On April 29, 2010, Plaintiff, Frederick Thomas, filed his "Petition to Annul Sheriff's Sale and for Damages" in Civil District Court for the Parish of Orleans, State of Louisiana.

(Doc. 1-1, pp. 4-13 of 60).  In his Petition, Plaintiff alleges that Bank of America bought his home at a foreclosure sale, but Plaintiff was denied the chance to assert valid defenses to foreclosure based on Bank of America's actions, including its alleged failure to review Plaintiff's loan account under the Making Home Affordable Program (HAMP) as it was required to do under its obligations to the U.S. Department of Treasury.  (Petition at Vi, XXII).

On **May 21, 2010**, Bank of America (via CT Corporation) was served with the Citation and Petition by a process server.  (*Id.* at 1 of 60).

On May 5, 2010, Bank of America (via CT Corporation) was previously served (by certified mail) with Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, a Motion Transferring Case [to the CDC court which had ruled on BAC's Suit on Note with Foreclosure of Mortgage by Executory Process and an Amended Petition to Annul Sheriff's Sale and for Damages.  (*Id*. at 14-49 of 60).

On August 26, 2010, BAC Home Loans Servicing, L.P. (Bank of America) filed a Peremptory Exception of No Cause of Action seeking dismissal of all claims alleged in Plaintiff's Petition and Amended Petition to Annul Sheriff's Sale and for Damages.  (Doc. 1-2, pp. 1-9 of 60).  In this Exception, Bank of America asserts that:

2

> Plaintiff alleges that his legal rights were deprived because he was told that the sale would probably be delayed and, later, that the attorneys would be notified to stop the sale. He does not allege that there were any procedural defects related to the Sheriff's sale.
>
> Even though Plaintiff was allegedly told over the telephone that the sale would likely be postponed and that the attorneys would be notified to stop the sale, he does not allege that he and Bank of America agreed to anything in writing.  Plaintiff does not contest any other procedural or substantive aspect of the April 22, 2010 Sheriff's ale.

(Doc. 1-2, at p. 4 of 60).

Bank of America then argues that Plaintiff's claims seeking relief on an oral credit agreement with Bank of America is prohibited by the Louisiana Credit Agreement Statute, LSA-R.S. 6:1121 *et seq.*

On **November 3, 2010**, Plaintiff filed his Memorandum in Opposition to Defendant's Peremptory Exception of No Cause of Action. (*Id*. at pp. 21-57 of 60).  In this Opposition, Plaintiff argues that the Louisiana Credit Agreement Statute is not relevant to this case, because Plaintiff is not asking the court to order a loan modification or forbearance pursuant to an oral credit agreement.  Plaintiff insists that he is instead asking the court to nullify the judgment and reverse the sale because Bank of America has not complied with federal law. (*Id.* at p. 21 of 60).

3

Defendant filed a Consent Motion to Continue the hearing on its Peremptory Exception of No Cause of Action from November 12, 2010 to December 3, 2010. (*Id*. at pp. 58-60 of 60).

On **November 10, 2010**, Defendant Bank of America **removed** the matter to this court. In its Notice of Removal, Defendant maintains that Plaintiff's Petition and Amended Petition to Annul Sheriff's Sale and for Damages raises only state law claims. Further, although the Petitions mention the "Making Home Affordable Program (HAMP), it is only in the context on Bank of America's duty to the U.S. Department of the Treasury. Defendant asserts that the Petitions "[do] not allege that Bank of America owed a duty to Plaintiff under HAMP nor [do they] allege a cause of action against Bank of America under HAMP.' (Notice of Removal at ¶¶2 & 3).

Defendant further asserts that in Plaintiff's Memorandum in Opposition to Defendant's Peremptory Exception of No Cause of Action, Plaintiff, *for the first time*, alleges that he is "seeking to enforce federal law" and that "[Bank of America's] seizure of [Plaintiff's] home was both illegal and wrongful because [Bank of America] did not comply with HAMP. (*Id.* citing Plaintiff's Memorandum in Opposition at p. 4, 8).

Defendant thus argues that Plaintiff's Memorandum in Opposition to Defendant's Peremptory Exception of No Cause of

4

Action, filed on November 3, 2010, constitutes "other paper" from which is was first ascertained that the case was removable under federal question jurisdiction,[1] and Bank of America's removal on November 10, 2001 (within thirty days of receiving this Memorandum in Opposition) is timely under 28 U.S.C. §1446(b).[2]

The court, however, finds that Defendant's removal was improper. At the outset, based on the *Rooker-Feldman* doctrine, this court has no jurisdiction to review the state court judgment which Plaintiff is seeking to set aside. Further, even if the case was removable, Defendant failed to remove the initial pleading

---

[1] Defendant did not remove on the basis of diversity jurisdiction, which Plaintiff argues (and Defendant does not dispute)existed at the inception of this case.

[2] 28 U.S.C. §1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> **If the case stated by the initial pleading is not removable**, a notice of removal may be filed within thirty days after receipt by the Defendant, though service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred be section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. §1446(b)(emphasis added).

based on diversity jurisdiction,[3] and Defendant's removal based on federal question jurisdiction is untimely.  It is ascertainable from Plaintiff's Petition (served on Defendant on May 21, 2010) and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (served on Defendant on May 5, 2010) that Plaintiff was alleging that Defendant breached its duties to Plaintiff under federal law, namely HAMP, and that Defendant's alleged non-compliance with Fannie Mae/HAMP requirements is a valid defense to the foreclosure action.  Thus, the court rejects Defendant's position that Plaintiff's Memorandum in Opposition to Defendant's Peremptory Exception of No Cause of Action (filed and served on November 3, 2010) changed the nature of this suit and constitutes "other paper from which from which it may first be ascertained that the case is one which is or has become removable."   28 U.S.C. §1446(b).

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Doc. No. 8)** be and is hereby **GRANTED**, because Plaintiff's Petition for Nullity is not removable as the court lacks jurisdiction over this matter under the *Rooker-Feldman* doctrine.  Even if it was removable, the removal was untimely;

---

[3]   *see* fn. 1, *supra.*

**IT IS FURTHER ORDERED** that this matter be and is hereby **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana;

**IT IS FURTHER ORDERED** that Defendant's **Motion to Dismiss for Failure to State a Claim (Doc. No. 9)** be and is hereby **DENIED** as moot, but without prejudice to Defendant re-filing it in state court;

**IT IS FURTHER ORDERED** that Plaintiff's Request for Attorney's Fees be and is hereby **DENIED**, because Defendant had an objectively reasonable basis for seeking removal.

New Orleans, Louisiana, this **12th** day of **January**, **2011**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE